# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

CARRIE M. STANDFELL,        )
                                   )
             Plaintiff,    )
                                   )
v.                            )     Case No. CIV-14-475-RAW-KEW
                                   )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social      )
Security Administration,    )
                                   )
             Defendant.    )

## REPORT AND RECOMMENDATION

Plaintiff Carrie M. Standfell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

(10th Cir. 1997)(citation omitted).   The term "substantial

evidence" has been interpreted by the United States Supreme Court

to require "more than a mere scintilla.   It means such relevant

evidence as a reasonable mind might accept as adequate to support

a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)

(quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229

(1938)).   The court may not re-weigh the evidence nor substitute

its discretion for that of the agency.  <u>Casias v. Secretary of</u>

<u>Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

Nevertheless, the court must review the record as a whole, and the

"substantiality of the evidence must take into account whatever in

the record fairly detracts from its weight."   <u>Universal Camera</u>

<u>Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d

at 800-01.

## Claimant's Background

Claimant was born on April 6, 1984 and was 29 years old at the

time of the ALJ's latest decision.   Claimant completed her high

school education.  Claimant has worked in the past as a home health

aide.  Claimant alleges an inability to work beginning January 1,

2008 due to limitations resulting from knee problems, back

problems, depression, and panic attacks.

**Procedural History**

On April 8, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") John W. Belcher issued an unfavorable decision on Claimant's application on October 12, 2010. On February 21, 2012, the Appeals Council remanded the case for further proceedings. On November 27, 2012 and May 30, 2013, the ALJ conducted supplemental administrative hearings. On August 23, 2013, the ALJ issued another unfavorable decision. On October 2, 2014, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform medium work with limitations, if she stopped substance abuse.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to consider the opinion evidence on her mental impairments.

## Consideration of the Medical Opinion Evidence

In the latest decision, the ALJ determined Claimant suffered from the severe impairments of degenerative joint disease of the left knee; back pain; major depressive disorder/bipolar disorder; panic disorder; and alcohol dependence. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform medium work. In so doing, the ALJ found Claimant could do no lifting more than 50 pounds occasionally and 25 pounds frequently; stand for six hours in an eight hour workday and sit for six hours in an eight hour workday; frequently climb stairs and ramps, bend or stoop, kneel, crouch, or crawl, but she was only occasionally able to climb ladders, ropes and scaffolding. The ALJ concluded Claimant was able to do simple tasks; have superficial contact with co-workers and supervisors, but no close proximity to co-workers. Claimant should avoid contact with the public and should avoid jobs with high production, quota work, or rapid assembly line work. (Tr. 20).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of

hand packager, warehouse worker, and janitor. (Tr. 31). As a result, the ALJ found Claimant was not disabled. Id.

Claimant contends the ALJ erred by failing to properly consider the mental limitations found by Dr. Burnard Pearce, a state agency reviewing physician. On July 30, 2009, Dr. Pearce completed a Mental Residual Functional Capacity Assessment form on Claimant. He determined Claimant had marked limitations in the functional areas of the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. (Tr. 456). He also found Claimant was moderately limited in the area of the ability to maintain attention and concentration for extended periods and the ability to interact appropriately with the general public. (Tr. 456-57). In his narrative statement, Dr. Pearce wrote

> She can understand, remember and carry out simple, but not more detailed, instructions under routine supervision. She would not be able to relate appropriately and effectively to the general public in an in depth, ongoing fashion but can relate to general public, coworkers and supervisors and an incidental manner and for work-related purposes.

> (Tr. 458).

He also stated that Claimant's "educational level appears limited and it does not appear that she would be able to perform more than simple work-related activities given her apparent

educational shortcomings." (Tr. 459). The ALJ found that Dr. Pearce's assessment did not adequately consider "the significant issues with anger brought out in the hearing testimony, which limits the claimant's interaction with others to a greater degree than determined by the State agency." (Tr. 29). Instead, the ALJ gave "determinative weight" to the opinions of two other mental health assessors who provided an assessment of the paragraph B and C criteria and took into account Claimant's substance abuse. Id.

The ALJ included a restriction to "simple tasks" in his RFC. (Tr. 20). Claimant contends he should have included a restriction to "simple, but not more detailed, instructions" as set forth in his assessment. This Court does not perceive a significant difference in these terms in practical application. The problem lies with the vocational expert's omission of an explanation for the deviation from the *Dictionary of Occupational Titles* ("DOT") in providing available representative jobs when he included occupations which required the ability to carry out detailed instructions in his testimony.

The vocational expert testified Claimant could perform the jobs of hand packer or packager - *DOT*# 920.687-134, warehouse worker - *DOT*# 922.687-058, and janitor - *DOT*# 381.687-018. According to the *DOT*, all of these jobs require a reasoning level

of R2[2], which requires one to "[a]pply commonsense understanding to carry out detailed but uninvolved written instructions. Deal with problems involving a few concrete variables in or from standardized situations." This exceeds the RFC limitation to "simple tasks" which would necessarily entail simple instructions and not detailed instructions which are required for all of these representative jobs. *See*, McKinnon v. Astrue, 2010 WL 3190621, at 5 (D.Colo.); Allen v. Barnhart, 2003 WL 22159050, at 10 (N.D. Cal.). The responsibility to investigate any discrepancies between the vocational expert's testimony and the *DOT* lies squarely with the ALJ. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999). On remand, the ALJ shall explore the apparent conflict between his RFC limitations and the testimony of the vocational expert. Should this require the ALJ to reassess the specific wording of limitation in his RFC, he should do so to clarify his restrictions for the vocational expert in his hypothetical questioning.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

---

[2]    The GED reasoning levels are associated with the level of simplicity associated with a particular job. Cooper v. Barnhart, 2004 WL 2381515, at 4 (N.D. Okla.).

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE